# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARLEEN MOORE, | : |
| Plaintiff, | : |
| v. | : |
| | : Civ A. No. 18-15183-BRM-TJB |
| GTECH CORPORATION, *et al.*, | : |
| | : **MEMORANDUM ORDER** |
| Defendants. | : |

**THIS MATTER** is before the Court on Plaintiff's Motion for Preliminary and Declaratory Injunctive Relief Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1. (ECF No. 34.) In support, Plaintiff relies on her previously-filed memorandum of law, arguing Defendants are engaging in "willful and intentional conduct in violation of plaintiff's federal and state law rights" and that "[t]his deliberate, intentional, and unnecessary conduct [has] and will continue to cause plaintiff severe mental and emotional damage associated with winning the lottery." (ECF No. 24 at 1-2.) Specifically, Plaintiff alleges she purchased several instant game lottery tickets from a retailer that subsequently went out of business. (*Id.* at 2.) Some or all of the tickets were "redeemed and validated as winning ticket[s]" but a lottery call center representative informed Plaintiff the retailer's "inventory" was on "accounting hold." (*Id.*) Eventually, Plaintiff was told at least one of her tickets was a "'misprint' or 'defect,'" and she filed seven claims with the Division of Lottery. (*Id.* at 3.) One of her claims was denied, but she was paid $435.00 on the others. (*Id.*)

Following "numerous request[s] for administrative review and due process of law," Plaintiff filed her Complaint in this Court, now seeking injunctive relief.[1] Plaintiff contends her

---

[1] Plaintiff's first motion for injunction relief, filed *ex parte*, was denied. (ECF No. 5.) Since then, some defendants have appeared; answers are not yet due.

Constitutional rights are being continually violated by Defendants' refusal to pay her winnings on a ticket which she claims has a face value of $5,000,000.00, causing irreparable harm and emotional damage. (*Id.* at 5.)

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994). In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Plaintiff has not demonstrated why injunctive relief is warranted in this litigation, let alone what specific relief she is seeking at this time. Plaintiff broadly seeks an injunction that prohibits the alleged continued violations of her federal and state law rights (ECF No. 24 at 1-2) and fails to establish a reasonable probability of eventual success in the litigation or that she will be

irreparably injured if the unspecified relief is not granted. Based on the record, the Court finds no reason why this matter cannot be adjudicated in due course.

Accordingly, having reviewed Plaintiff's Motion, previously-filed memorandum of law in support thereof, and the exhibits submitted therewith, and for good cause appearing,

**IT IS** on this 21st day of March 2019,

**ORDERED** that Plaintiff's Motion (ECF No. 34) is **DENIED**.

> */s/ Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**