# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ARLEEN MOORE,  :
              Plaintiff,  :

v.  :
        :      Case No. 3:18-15183-BRM-TJB

GTECH CORPORATION, *et al.*,  :
        :      **MEMORANDUM ORDER**
          Defendants.  :

**THIS MATTER** is before the Court on Plaintiff's Second Motion for Preliminary Injunctive Relief. (ECF No. 60.) Plaintiff seeks to enjoin administrative hearings she alleges were undertaken in bad faith and that certain documents relevant to the procedure were not disclosed to her, resulting in a "sham hearing" in violation of her right to due process. (*Id.*)

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994). In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted. . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)). The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway

factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

Plaintiff has not demonstrated why injunctive relief is warranted in this litigation, particularly because it appears administrative hearing has already taken place and the request may be moot. Plaintiff fails to establish a reasonable probability of eventual success in the litigation or that she will be irreparably injured if the unspecified relief is not granted. Based on the record, the Court finds no reason why this matter cannot be adjudicated in due course.

Accordingly, having reviewed Plaintiff's Motion, submissions filed in response thereto, the totality of docket, and for good cause appearing,

**IT IS** on this 7th day of June 2019,

**ORDERED** that Plaintiff's Motion (ECF No. 60) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**