UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARLEEN L. MOORE, | Civil Action No. 18-15183 (BRM) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GTECH CORPORATION, *et al.*, | |
| Defendants. | |

**BONGIOVANNI, United States Magistrate Judge**

Currently pending before the Court is Plaintiff Arleen L. Moore's ("Plaintiff's") motion to amend the pleadings. (Docket Entry Nos. 97, 104). Defendants IGT Solutions a/k/a GTech Corporation, et al., ("Defendants") have opposed Plaintiff's motion on futility grounds. The Court has fully reviewed the arguments made in support of and in opposition to Plaintiff's motion. The Court considers Plaintiff's motion to amend without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to amend is DENIED.

**I.     Background and Procedural History**

In October/November 2017, Plaintiff purchased several "200 Million Cash Bonanza" instant scratch-off lottery tickets. (Am. Compl. ¶ 7; 2 Am. Compl ¶ 6). When she attempted to redeem the tickets in May 2018, Ticket No. 17 produced a validation receipt with the words "File Claim" on it, although she alleges that it "redeemed as a winner." There was no prize amount listed on the receipt or the word "Jackpot." (Am. Comp. ¶ 8; 2 Am. Compl. ¶ 7, Ex. C). Plaintiff concedes that there were also no numbers matching a winning number or matching symbols on Ticket No. 17. (2 Am. Compl. ¶ 9).

On May 21 and 23, Plaintiff alleges the Lottery Commission call center was contacted and stated that Ticket No. 17 was a winner. (Am. Compl. ¶¶ 9, 10; 2 Am. Compl. ¶¶ 8, 9). When asked how much the prize was, the call center representative stated, "Look at the ticket and see what 'numbers' or 'symbols match' and you'll see the value that correlates." (Am. Compl. ¶ 10; 2 Am. Compl. ¶ 9). As Plaintiff states, "However, the *ticket in question* failed to contain any 'matching number' or 'matching symbols." *Id.* On its face, the ticket was not a winning ticket.

Nevertheless, on June 19, 2018, Moore filed a claim with the New Jersey Lottery ("Lottery") to receive one of the three $5 million "Jackpot" prizes for this particular scratch-off game. (Am Compl. ¶ 11; 2 Am. Compl. ¶ 10). After investigating, the Lottery informed Plaintiff that Ticket No. 17 was not a winning ticket. (Am Compl. ¶ 12; 2 Am. Compl. ¶ 11).

Plaintiff sought administrative review by the Executive Director of the Lottery on August 18, 2018. (Am Compl. ¶ 18; 2 Am. Compl. ¶ 20). On October 9, 2018, the Lottery notified Plaintiff of its decision ("Initial Decision") that both its investigation and a ticket reconstruction from the ticket's manufacturer confirmed that Ticket No 17 was not a winning ticket and the "File Claim" message Plaintiff received when she redeemed the ticket did not mean that it was a winning ticket because it did not include a prize or dollar amount. (Am Compl. ¶¶ 22-25; 2 Am. Compl. ¶¶ 24-27). All of Plaintiff's other winning tickets from this book of scratch-off tickets received validation receipts indicating a prize amount, and the Lottery paid a total of $435 to Plaintiff. (Am Compl. ¶ 15 n.4; 2 Am. Compl. ¶ 13).

The Lottery has regulations providing procedures to follow to claim prizes, and in the event of a dispute, "the Director shall treat the matter as a contested case within the meaning of the [New Jersey] Administrative Procedures Act." N.J. Admin. Code § 17:20-3.1(a). After Plaintiff disputed the Lottery's Initial Decision, the Executive Director of the Lottery held a hearing on

April 18, 2019 and August 23, 2019. (*See* Docket Entry No. 95 at 4). On January 15, 2020, the Executive Director issued Lottery's final decision finding that Ticket No. 17 was not a winning ticket and denying payment of the $5 million prize. *Id.* at 12-13, 18-20. This decision was a final agency action, and Plaintiff did not appeal the decision within the required 45-day period or subsequently. N.J. Admin. Code. § 52:14B-12 ("Whenever under statute or agency rule there is a mode of administrative review within an agency, such review shall remain unimpaired and any judicial review shall be from the final action of the agency."); N.J. Ct. R. 2:4-1(b).

After Plaintiff filed her Complaint in this matter, the third and last remaining "Jackpot" ticket was redeemed and validated. On November 5, 2020, the Lottery paid out the final $5 million prize in the scratch-off game. These facts are a matter of public record, with the information available on the Lottery's website. (Carey Decl., Docket Entry No. 107-1, ¶¶ 5-8).

In response to the Court's Order that Plaintiff explain the proposed amendments to her Amended Complaint (Docket Entry No. 103), Plaintiff filed Docket Entry No. 104. Plaintiff seeks to add Eileen Sadlik, a Lottery employee, as a defendant. She also seeks to add allegations against Defendants under the New Jersey Product Liability Law for manufacturing a defective ticket and claims based in negligence, breach of contract, and a conspiracy among the Defendants to fraudulently identify Ticket No. 17 as a non-winning ticket. She alleges that Defendants were unjustly enriched by their actions.

## II. Analysis

### A. Standard of Review

Pursuant to Rule 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman*, 371 U.S. at 182; *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2002). However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Here, the Court focuses on futility because that is the basis for Defendants' opposition.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court utilizes the motion to dismiss standard under Rule 12(b)(6) (*see In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002); *Alvin*, 227 F.3d at 121) and considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply,

the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### B.  Discussion

Plaintiff seeks to amend her Amended Complaint to add another Lottery employee as a defendant and claims under the New Jersey Product Liability Law, negligence, breach of contract, fraud, conspiracy, and unjust enrichment that all stem from the basic dispute over whether Ticket No. 17 is a winning ticket. Defendants argue that the proposed amended complaint is futile because:

> (1) THE EXECUTIVE DIRECTOR OF THE NEW JERSEY LOTTERY DETERMINED BY FINAL DECISION AND ORDER THAT TICKET NO. 17 IS NOT A WINNING TICKET, AND (2) IT IS PUBLIC RECORD THAT EACH OF THE THREE "JACKPOT" TICKETS HAS BEEN CLAIMED BY THE TICKET HOLDER, AND PROCESSED AND PAID BY THE NEW JERSEY LOTTERY

(Def. Brief, Docket Entry No. 110, at 12).

The New Jersey Lottery is a state agency that has procedures under the New Jersey Administrative Procedures Act to govern how lottery tickets, including Ticket No. 17, are validated and how to handle disputes that arise over whether a ticket is a winner. *See* N.J. Admin. Code § 17:20-3.1(a). The Lottery investigated Plaintiff's claim, held hearings when

Plaintiff protested the initial claim denial that allowed her the opportunity to present evidence, and issued a final decision that included details about the reasons for the denial. Plaintiff had 45 days to appeal the Lottery's final decision and did not.

While the Court takes notice of the fact that three "Jackpot" tickets have now been validated and paid out by the Lottery, indicating that Plaintiff's ticket was not one of the three "Jackpot" tickets produced for this game, the Court is more persuaded by the insufficiency of Plaintiff's claims based on the facts as alleged. Plaintiff admits that Ticket No. 17 is not a winner on its face. There are no matching numbers or symbols. Unlike her other winning tickets, the validation receipt did not indicate a prize amount. Even the alleged calls where Lottery representatives said the ticket was a winner did not indicate that she had won a certain dollar amount or that she had a winning "Jackpot" ticket and instead directed her to look to the matching numbers or symbols on the ticket – of which there were none. As indicated above, the Court is not "compelled to accept unwarranted inferences [or] unsupported conclusions . . . disguised as factual allegations." *Baraka*, 481 F.3d at 211. Plaintiff's alleged facts do not support any plausible claim to a winning ticket.

As a result, the Court finds that Plaintiff's motion to amend is futile.

### III.  Conclusion

For the reasons stated above, Plaintiff's motion to amend is DENIED. An appropriate Order follows.

Dated:  March 4, 2021

                                                  s/ Tonianne J. Bongiovanni
                                                  **HONORABLE TONIANNE J. BONGIOVANNI**
                                                  **UNITED STATES MAGISTRATE JUDGE**